UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARY BOTORFF,

Plaintiff,

v.

AMERCO, et al,

Defendants.

No. 2:12-cv-01286-MCE-EFB

**MEMORANDUM AND ORDER**

----oo0oo----

Plaintiff, Mary Botorff, brings this action against Defendants U-Haul International ("UHI") and its parent company, Amerco, (collectively, "Defendants") seeking to recover monetary damages and restitution under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., for herself and a putative class of consumers that contracted with UHI for one-way equipment rental between September 2006 and September 2008. Both Defendants have filed Motions to Dismiss that are presently before the Court. (ECF Nos. 16 and 17).

///

///

///

///

UHI moves to dismiss Plaintiffs' Complaint on the following grounds: (1) Plaintiff's claim is subject to a valid and enforceable arbitration agreement; (2) Plaintiff's factual allegations are insufficient to state a claim for violation of California's unfair competition law; (3) Plaintiff is not entitled to either monetary damages or restitution under California's unfair competition law; and (4) claims of most of the class members are barred by the four-year statute of limitations. (ECF No. 16, at 1.) Amerco has joined in UHI's motion to dismiss and additionally moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of this Court's personal jurisdiction over Amerco. (ECF No. 17, at 1.) For the reasons stated below, the Court GRANTS UHI's Motion to Dismiss on the ground that Plaintiff's claim is subject to an enforceable arbitration agreement.[1] In light of this ruling, the Court does not reach the merits of UHI's remaining arguments for dismissal and also DENIES Amerco's Motion as moot.

## BACKGROUND

The facts relevant to Defendants' Motion to compel arbitration are as follows. On May 17, 2008, Plaintiff rented a moving truck and appliance dolly from an authorized UHI's dealer, Lincoln Super Storage, in Lincoln, California. (Declaration of Mary Botorff in Support of Plaintiff's Opposition to UHI's Motion to Dismiss ("Botorff Decl."), ECF No. 27, Ex. 1, ¶ 2.) UHI's representative provided Plaintiff with two single-page U-Haul Equipment Rental Contracts, which Plaintiff signed. (Id. ¶¶ 6, 8; Declaration of Donnie Gears in Support of UHI's Motion to Dismiss ("Gears Decl."), ECF No. 16-1, Exs. 1 & 2.) Immediately above the signature lines, both contracts stated: "I acknowledge that I have received and agree to the terms and conditions of this Rental Contract and the Rental Contract Addendum." (Gears Decl. Exs. 1 & 2.)

///

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

The Rental Contract Addendum, referred to in both contracts signed by Plaintiff, included an arbitration clause, which provided that Plaintiff and UHI agreed to arbitrate "any and all claims to this agreement, or the breach thereof," except for claims for personal injuries, claims that may be brought in small claims court and collection actions. (Declaration of Victor Goytia in Support of UHI's Motion to Dismiss ("Goytia Decl."), ECF No. 16-4, Ex. 1.) The Addendum further provided that "claims must be brought in the name of an individual person or entity and must proceed on an individual (non-class, non-representative) basis." (Id.)

According to Plaintiff, UHI's representative neither provided Plaintiff with the Rental Contract Addendum prior to her signing the rental contracts nor referred Plaintiff to any additional documents. (Botorff Decl. ¶ 7.) After Plaintiff had signed both contracts and paid the rental fees, UHI's representative gave Plaintiff an envelope containing multiple papers, including the Rental Contract Addendum, and the keys to the rental truck. (Botorff Decl. ¶ 10; Goytia Decl. ¶¶ 7-8.) UHI's representative again did not call Plaintiff's attention to the additional papers or discuss any terms or conditions in those papers. (Botorff Decl. ¶ 10.)

On May 11, 2012, Plaintiff filed her Complaint alleging that, between September 2006 and September 2008, UHI engaged in the practice of coercing its competitors to raise rental prices, in violation of California Business and Professions Code § 17200. (ECF No. 1 ¶¶ 24-48, 90-95.) According to the Complaint, UHI persuaded its competitors to raise their rental rates by threatening to lower UHI's rates to a sub-competitive level (thereby undercutting the competitors), if the competitors refused to raise their prices. (Id. ¶ 24-48.) UHI's unlawful activity of fixing prices in the truck rental industry allegedly caused Plaintiff and similarly situated class members to overpay for their truck rentals. (Id. ¶ 49.) In particular, Plaintiff alleges that she and the class members paid at least 10% more for their one-way truck rentals than they would have in the absence of UHI's "unlawful attempt to collude." (Id. ¶ 75.)

///

**STANDARD FOR MOTIONS TO COMPEL ARBITRATION**

The Federal Arbitration Act ("FAA") provides that a written provision in a "contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA allows a party to seek a court order compelling arbitration where another party refuses to arbitrate. 9 U.S.C. § 4. Valid arbitration agreements must be "rigorously enforced." Perry v. Thomas, 482 U.S. 483, 490 (1987) (citation omitted). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985) (emphasis in the original).

Generally, in deciding whether a dispute is subject to the arbitration agreement, a court must answer two questions: (1) "whether a valid agreement to arbitrate exists," and, if so, (2) "whether the agreement encompasses the dispute at issue." Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000). If a party seeking arbitration establishes these two factors, the court must compel arbitration. 9 U.S.C. § 4; Chiron, 207 F.3d at 1130. Accordingly, the Court's role "is limited to determining arbitrability and enforcing agreements to arbitrate, leaving the merits of the claim and any defenses to the arbitrator." Republic of Nicaragua v. Standard Fruit Co., 937 F.2d 469, 479 (9th Cir. 1991).

In determining the existence of an agreement to arbitrate, the district court looks to "general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration." Wagner v. Stratton Oakmont, Inc., 83 F.3d 1046, 1049 (9th Cir. 1996).

///

///

"Although 'courts may not invalidate arbitration agreements under state law applicable only to arbitration provisions,' general contract defenses such as fraud, duress, or unconscionability, grounded in state contact law, may operate to invalidate arbitration agreements." Circuit City Stores, Inc. v. Adams, 279 F.3d 889, 892 (9th Cir. 2002) (quoting Doctor's Ass'n., Inc. v. Casarotto, 517 U.S. 681, 687 (1996)). However, courts cannot apply even generally applicable defenses to contract enforceability, such as duress and unconscionability, in a way that disfavors and undermines arbitration. AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1747 (2011). Finally, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is a construction of the contract language or an allegation of waiver, delay, or like defense to arbitrability." Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24-25 (1983). "An order to arbitrate . . . . should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960).

## ANALYSIS

Defendants argue that Plaintiff's UCL claim is subject to a valid and binding agreement which requires resolution of the claim through binding arbitration and precludes Plaintiff from pursuing her claim in representative capacity. (ECF No. 16, at 4.) Plaintiff opposes Defendants' motion to compel arbitration on two grounds. First, Plaintiff argues that the parties never entered into an enforceable arbitration agreement because Plaintiff did not received the Rental Contract Addendum containing the arbitration clause until after she had signed the rental agreement and paid for her truck. (ECF No. 27, at 4-5.)

///

Second, Plaintiff argues that the dispute at issue is excluded from the scope of the arbitration agreement because Plaintiff could have brought her claim in California's small claims court. (Id. at 5-7.) Plaintiff does not argue that the arbitration agreement is unconscionable or that the agreement does not cover unlawful competition claims under California law.

**A. The Parties Entered into an Enforceable Arbitration Agreement**

The United States Supreme Court has explained that "the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." Mitsubishi Motors v. Soler Chrysler-Plymouth, 473 U.S. 614, 626 (1985); see also AT&T Techs., Inc. v. Communications Workers of Am., 475 U.S. 643, 648 (1986) ("[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit.") (citations omitted). Therefore, "when one party disputes 'the making of the arbitration agreement,' the [FAA] requires that 'the court proceed summarily to the trial thereof' before compelling arbitration under the agreement." Sanford v. MemberWorks, Inc., 483 F.3d 956, 962 (9th Cir. 2007) (citation omitted). Whether an agreement to arbitrate exists is answered by applying state contract law, even where the agreement is covered by the FAA. Pokorny v. Quixtar, 601 F.3d 987, 994 (9th Cir. 2010).

Here, the central issue for the Court is whether the Rental Contract Addendum containing the arbitration clause was incorporated into the parties' rental agreement. Under California law, "[f]or the terms of another document to be incorporated into the document executed by the parties, the reference must be clear and unequivocal, the reference must be called to the attention of the other party and he must consent thereto, and the terms of the incorporated document must be known or easily available to the contracting parties." Shaw v. Regents of Univ. of Cal., 58 Cal. App. 4th 44, 54 (1997) (citations omitted).

Thus, if an arbitration provision is contained within a document that is readily available to the contracting party, and its incorporation into the primary contract is clear and unequivocal, the arbitration provision is binding on the party. Koffler Electrical Mechanical Apparatus Repair, Inc. v. Wartsila North Am., Inc., 2011 WL 1086035, at *4 (N.D. Cal. March 24, 2011). A defendant is not required to specify that the incorporated document contains an arbitration clause in order to make the incorporation valid. Wolschlager v. Fidelity Nat'l Title Ins. Co., 111 Cal. App. 4th 784, 791 (2003). "All that is required is that the incorporation be clear and unequivocal and that the plaintiff can easily locate the incorporated document." Id.

In this case, both rental contracts, which Plaintiff signed, specifically reference the Rental Contract Addendum and the terms and conditions found therein. (See Gears Decl. Exs. 1 & 2). According to the explicit language of the rental contracts, Plaintiff's act of signing the contracts served as an acknowledged that she had read and understood the terms of the Rental Contracts and the Rental Contract Addendum. (Id.) Thus, the reference to the Addendum, which contained the arbitration clause, was "clear and unequivocal."

Further, the arbitration clause contained within the Addendum was "easily available" to Plaintiff. According to Mr. Gears, a general manager of Lincoln Super Storage, and Mr. Goytia, UHI's Area Field Manager, it is standard policy and procedure for employees of Lincoln Super Storage to give the Rental Contract Addendum, commonly referred to as the "document holder," to the customer when a vehicle or equipment is rented. (Gears Decl, ¶ 6; Goytia Decl. ¶ 7.) Plaintiff herself declares that she was provided with "an envelope containing multiple papers" before she received the rental vehicle. (Botorff Decl. ¶ 10.) In fact, Plaintiff does not even argue that the Addendum was not available to her prior to signing the rental contracts. Instead, she alleges that the arbitration agreement is invalid because UHI's representative had not provided her with a copy of the Rental Contract Addendum before requiring Plaintiff to sign the rental contracts. (ECF No. 27, at 4.)

Under California law, a party can be bound by an arbitration clause even if she failed to read or understand it. Bolanos v. Khalatian, 231 Cal. App. 3d 1586 (1991). Both federal courts and California state courts have enforced incorporated arbitration agreements in circumstances similar to the facts of this case. See, e.g., Reilly v. WM Financial Servs., Inc., 95 F. App'x 851, 852-53 (9th Cir. 2004) (affirming district court's ruling that arbitration agreement was enforceable even though the plaintiffs never received or saw a copy of the incorporated arbitration agreement as long as the arbitration agreement was easily available to the plaintiffs); Lucas v. Hertz Corp., 2012 WL 2367617, at *3 (N.D. Cal. June 21, 2012) (stating that the fact that the plaintiff "either was never given a copy of the folder jacket or was given it after he signed the rental agreement . . . is immaterial because the terms of an incorporated document must only have been easily available to him; they need not have actually been provided"); Koffler Elec. Mechanical Apparatus Repair, Inc. v. Wartsila North Am., Inc., 2011 WL 1086035, at *4 (N.D. Cal. March 24, 2011) (holding that, under California law, a document containing an arbitration clause that was not provided to the plaintiff, but was available upon request, was properly incorporated by reference into a purchase agreement); Wolschlager v. Fidelity Nat'l Title Ins. Co., 111 Cal. App. 4th 784, 789-91 (2003) (explaining that the party's lack of awareness of the arbitration clause does not prevent the clause's enforceability so long as the document containing the arbitration clause was "easily available" to the party).

Therefore, the fact that Plaintiff had not been provided with the Rental Contract Addendum prior to signing the rental contracts has no bearing on the enforceability of the arbitration agreement contained within the Addendum so long as the Addendum was available to Plaintiff upon request. Plaintiff has not provided any evidence to demonstrate that the Rental Contract Addendum was not available to her prior to signing the contracts. Therefore, the Court concludes that the arbitration agreement contained in the Rental Contract Addendum was validly incorporated by reference into the rental contracts that Plaintiff signed and thus is enforceable against Plaintiff.

**B. The Current Dispute is within the Scope of the Arbitration Agreement**

Before the Court can compel arbitration under the FAA, it must determine whether the arbitration agreement covers the dispute at issue. Lewis v. USB Fin. Servs. Inc., 818 F. Supp. 2d 1161, 1165 (N.D. Cal. 2011). Because the FAA reflects a "liberal federal policy favoring arbitration agreements," "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Memorial Hosp., 460 U.S. at 24-25; see also Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 721 (9th Cir. 1999) ("To require arbitration, [plaintiff's] factual allegations need only 'touch matters' covered by the contract containing the arbitration clause and all doubts are to be resolved in favor of arbitrability."). Here, the arbitration agreement provides:

> [Y]ou and Company agree to submit any and all claims to this agreement, or the breach hereof, . . . to binding arbitration . . . The arbitration requirement does not apply to (a) claims for personal injuries, (b) claims that may be brought in small claims court, or (c) collection actions that may be assigned by Company to a collection agency in the event of your failure to pay Company amounts that may be due under the Agreement.

(Goytia Decl. Ex. 1.) Thus, the arbitration agreement at issue explicitly sets forth three types of claims that are not subject to binding arbitration. Such explicit exclusion of certain claims evidences the drafter's intent to include all other claims arising in connection with Plaintiff's rental contracts within the scope of the arbitration agreement.

The gravamen of Plaintiff's unfair competition claim is an attack on the price that she was charged under her rental contract with UHI. According to Plaintiff, she paid at least 10% more for her one-way truck rental than she would have in the absence of UHI's anticompetitive acts. (ECF No. 1 ¶ 75.) As such, Plaintiff's claim has its "origin and genesis" in the rental contract containing the arbitration clause at issue and, thus, is within the scope of that arbitration clause. See Simula, Inc., 175 F.3d at 721

///

///

///

In fact, Plaintiff does not appear to dispute that her unfair competition claim under California law is within the scope of the arbitration clause.[2] Instead, Plaintiff argues that the arbitration agreement does not apply to the current dispute because her UCL claim is subject to the "small claims court" exception of the agreement. (ECF No. 27, at 5-7.) In particular, Plaintiff contends that, because the restitution she seeks will not exceed $411 she paid under her rental contracts, she could have brought her claim in California's small claims court. (Id. at 6.) Plaintiff further argues that similarly situated claimants could also bring their individual actions against UHI in small claims court, and such actions could be consolidated regardless of the composite value of the claims. (Id.)

The main problem with Plaintiff's reasoning lies in the fact that neither she nor other similarly situated claimants are proceeding on an individual basis in this litigation. According to the Complaint, Plaintiff seeks to represent a putative class comprised of "[a]ll persons who purchased one-way truck rentals from Defendants for transportation to, from or within the State of California between September 2006 and September 2008." (ECF No. 1 ¶ 77.) In fact, the only basis for this Court's subject-matter jurisdiction over this matter is found in 28 U.S.C. § 1332(d)(2), pursuant to which federal district courts have original jurisdiction over class actions in which the matter in controversy exceeds $5,000,000 and any member of a class is a citizen of a state different from any defendant. (See id. ¶ 10.) Having admitted that her individual claim in this case is not worth more than $411, Plaintiff has effectively conceded that she could not have brought her individual claim in this Court because it is far below the jurisdictional minimum of $75,000 required to maintain a diversity action in a federal district court. See 28 U.S.C. § 1332(a).

///

///

///

[2] In fact, the Ninth Circuit has recently held, in Kilgore v. KeyBank, Nat. Ass'n, that claims under California's unfair competition law are covered by the FAA. 673 F.3d 947 (9th Cir. 2012).

Thus, although Plaintiff is correct in that she could have brought her individual claim in California's small claims court,[3] that is not the claim she is asserting in this litigation. Likewise, Plaintiff could not have brought her current class action, seeking recovery of damages in excess of $5,000,000 for herself and a putative class, in California's small claim court because the amount of damages Plaintiff is seeking greatly exceeds small claims court's jurisdictional limits.

Therefore, the Court concludes that Plaintiff's present class action is not within the "small claims" exception to the arbitration agreement.[4]

**C. Whether the Action Should be Stayed or Dismissed**

"[O]nce a court determines that an arbitration clause is enforceable, it has the discretion to either stay the case pending arbitration or to dismiss the case if all of the alleged claims are subject to arbitration." Delgadillo v. James McKaone Enterprises, Inc., 2012 WL 4027019, at * 3 (E.D. Cal. Sept. 12, 2012). Because Plaintiff's single claim asserted in this case must be arbitrated, leaving no claims to be resolved following arbitration, the Court concludes that dismissal of this action is appropriate.

Moreover, Plaintiff's claim is subject to dismissal for an additional reason that the arbitration agreement at issue explicitly prohibits Plaintiff from bringing her claim in a representative capacity.

///

///

---

[3] California small claims courts have jurisdiction over actions in which plaintiffs seek to recover $5,000 or less (or $10,000 or less if the plaintiff is a natural person). Cal. Civ. Proc. Code §§ 116.220, 116.221.

[4] Additionally, as explained below, the arbitration clause in the Rental Contract Addendum contains a clear class-action waiver prohibiting Plaintiff from proceeding with this action in a representative capacity. (See Goytia Decl. Ex. 1.) Thus, concluding that the parties intended to exclude the current class action from the scope of the arbitration agreement and allowing Plaintiff to litigate this matter would be contrary to explicit language of the arbitration agreement prohibiting class actions.

According to the arbitration agreement,

> [
> c]laims may be brought in the name of an individual person or entity and must proceed on an individual (non-class, non-representative) basis. . . . If you or Company requires arbitration of a Claim, neither you or Company, nor any other person may pursue the Claim in arbitration as a class action . . . or other representative action, nor may any such Claim be pursued on your or our behalf in any litigation in any court.

(Goytia Decl. Ex. 1.) Thus, the arbitration agreement contains a clear class-action waiver prohibiting Plaintiff from initiating a class action through either litigation or arbitration.[5] As analyzed above, this Court would not have subject matter jurisdiction over this action in the absence of Plaintiff's class allegations. Because Plaintiff's present class action is barred by the terms of a valid arbitration agreement and because this Court cannot exercise subject matter jurisdiction over Plaintiff's individual claim, this action should be and is hereby dismissed.

**CONCLUSION**

For the reasons stated above, UHI's Motion to Dismiss (ECF No. 16) is GRANTED without prejudice on the ground that Plaintiff's unfair competition claim is subject to a valid and enforceable arbitration agreement. In light of this ruling, the Court does not reach the merits of UHI's motion to dismiss for failure to state a claim.

///

///

///

[5] Plaintiff does not argue that the class action waiver in the arbitration agreement is invalid. The Court is unaware of any grounds for finding this waiver unenforceable. In fact, according to the Supreme Court's recent decision in AT&T Mobility LLC v. Concepcion, collective-arbitration waivers in consumer contracts are generally enforceable. 131 S. Ct. 1740, 1753 (2011). In the wake of Concepcion, "unrelated policy concerns," such as a concern that plaintiffs who are denied class relief will not have sufficient incentive to bring their claims, "however worthwhile, cannot undermine the FAA." Coneff v. AT&T Corp., 673 F.3d 1155, 1159 (9th Cir. 2012). "Just as the FAA guarantees that contracting parties 'may agree to limit the issues subject to arbitration, to arbitrate according to specific rules, and to limit with whom a party will arbitrate,' . . . so too does it allow them to agree to limit in what capacity they arbitrate." Kilgore v. KeyBank, Nat'l Ass'n, 673 F.3d 947, 957 (9th Cir. 2012) (internal citations omitted) (emphasis in the original).

Finally, the Court DENIES Amerco's motion to dismiss for lack of personal jurisdiction (ECF No. 17) as moot. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: December 19, 2012

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT